In this case, from 1921, when the corporation, by amendment to its certificate of incorporation, changed its name to "The Morris Plan Industrial Bank of Greensboro," to 1933, when the corporation, by action of its board of directors, placed all its assets in the hands of the Commissioner of Banks for liquidation, as authorized by statute, the defendant was a stockholder of said corporation. During this time the corporation was engaged in the business of operating an industrial bank, under the laws of this State. The defendant, by the judgment in this action, is required to discharge his statutory obligation to creditors whose debts were contracted after 4 March, 1925, and who relied, as they had a right to do, upon the provisions of the statute for protection in the event the corporation became insolvent. The judgment is supported by the statute, and is, we think, in accord with good morals.

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.

---

GURNEY P. HOOD, COMMISSIONER OF BANKS, EX REL. MORRIS PLAN BANK, GREENSBORO, NORTH CAROLINA, v. C. S. WILLIAMS.

(Filed 8 April, 1936.)

APPEAL by defendant from *McElroy, J.,* at March Term, 1935, of GUILFORD. . Affirmed.

This was an appeal from an assessment made by the Commissioner of Banks against the defendant as the owner of five shares of the capital stock of the Morris Plan Bank of Greensboro, North Carolina, an insolvent banking corporation, organized under, and prior to its insolvency doing business by virtue of, the laws of North Carolina.

On an agreed statement of facts filed with the court it was considered, ordered, and adjudged by the court that the plaintiff recover of the defendant the sum of $500.00, with interest from 2 March, 1934, and the costs of the action.

It was further considered, ordered, and decreed by the court that no part of the sum or sums recovered by the plaintiff of the defendant on account of said judgment shall be applied by the plaintiff to the payment of the indebtedness of the Morris Plan Bank of Greensboro, due on 1 January, 1934, which was contracted by said bank prior to 4 March, 1925.

From said judgment the defendant appealed to the Supreme Court, assigning errors in the judgment.

INSURANCE CO. *v.* NICHOLS.

*York & Boyd for plaintiff.*
*Hobgood & Ward for defendant.*

CONNOR, J. There is no error in the judgment in this action. The judgment is affirmed on the authority of *Hood, Comr., v. Hewitt, ante,* 810.

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.

FEDERAL LIFE INSURANCE COMPANY v. JOHN W. NICHOLS.

(Filed 8 April, 1936.)

1. **Insurance I b—Evidence held not to disclose fraud in insured's application for policy of accident insurance.**

   Insured's application for a policy of accident insurance stated that insured's occupation was a lumber buyer and salesman on the yards of his employer, not handling lumber. Insurer's evidence tended to show that insured inspected and checked lumber bought and sold, and supervised the loading and unloading of lumber by other employees. *Held:* Insurer's evidence does not establish fraud in the application, the acts established by the evidence being ordinarily incidental to the occupation of a buyer and seller of lumber as stated in the application.

2. **Insurance R a—Evidence held not to establish that insured was engaged in more hazardous duties at time of accident.**

   The policy in suit insured defendant for accidental injuries sustained in his occupation of buyer and seller of lumber on the yards of his employer, and provided for a smaller rate of compensation if accidental injury occurred while insured was engaged in a more hazardous duty. The evidence disclosed that insured was injured while directing other employees in moving a car loaded with lumber when the car accidentally ran over his foot. *Held:* The evidence discloses that insured was injured while engaged in a duty incidental to his occupation as a buyer and seller of lumber, and not one requiring the handling of lumber, and insured's recovery is not governed by the schedule for injuries sustained in more hazardous duties.

APPEAL by plaintiff from *Phillips, J.,* at October Term, 1935, of WILKES. No error.

Two causes of action are alleged in the complaint in this action.

On the allegations which constitute the first cause of action, the plaintiff prays judgment declaring that the policy of insurance described in the complaint, which was issued to the defendant by the plaintiff on